**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CANDIDA CASTILLO COLLANTES**, | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JOEL D. GARCIA,** | § | |
| *in his official capacity as El Paso, Texas* | § | |
| *Field Office Director of U.S. Immigration* | § | |
| *and Customs Enforcement*; | § | **EP-26-CV-00447-DCG** |
| **KRISTI NOEM,** | § | |
| *in her official capacity as Secretary of the* | § | |
| *United States Department of Homeland* | § | |
| *Security*; **and** | § | |
| **PAMELA BONDI,** | § | |
| *Attorney General of the United States*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DISMISSING CASE AS MOOT

On February 13, 2026, Petitioner Candida Castillo Collantes filed a Petition for Writ of Habeas Corpus seeking (among other things) her immediate release from immigration detention.[1] On March 4, 2026, however, Respondents notified the Court that "Petitioner was released on February 27, 2026."[2]  Respondents thus maintain that the Petition is moot.[3]

---

[1] *See, e.g.*, Pet., ECF No. 1, at 1, 15.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See* Resp., ECF No. 6, at 1.

[3] *See id.*

*See also, e.g.*, *Berrezueta v. Decker*, No. 1:20-cv-10688, 2021 WL 601649, at *1 (S.D.N.Y. Jan. 11, 2021) (noting that "[r]elease from custody generally renders a habeas petition moot").

On March 9, 2026, the Court ordered Petitioner to "show cause by March 16, 2026 why the Court should not dismiss this case as moot."[4]  Petitioner's counsel filed a timely Response confirming "that Petitioner has been released by Respondents."[5]  Although the Response states that "[i]t is not currently known whether Respondents returned all of Petitioner's property to her upon her release," the Response makes no argument that Petitioner would have a live habeas corpus claim if Respondents still possess of any of her belongings.[6]  Nor does the Response offer any other argument to rebut Respondents' assertion that this case is moot.[7]

Accordingly, the Court **DISMISSES** the above-captioned case **WITHOUT PREJUDICE** as **MOOT**.[8]

The Court thereby **CLOSES** the case.

**So ORDERED and SIGNED this 17th day of March 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[4] *See* Order Pet'r Show Cause, ECF No. 7, at 2.

[5] *See* Pet'r's Resp., ECF No. 8, at 1.

[6] *See id.*

[7] *See id.*

[8] *See, e.g., Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 388 (5th Cir. 2024) (emphasizing that "jurisdictional dismissals (such as those made on . . . mootness grounds)" should be "without prejudice").